## Case No. 9,103.

### MARRETT v. MURPHY et al.

[11 N. B. R. 131;[1] 1 Cent. Law J. 554.]

District Court, D. Minnesota. Oct. 16, 1874.

BANKRUPTCY — SURVIVING PARTNER — JUDGMENT AGAINST FIRM—HOW REAL ESTATE TREATED.

B., as the surviving partner of the firm of A., B. & Co., was adjudged a bankrupt, and an assignee was duly appointed. who received the proper instrument of assignment, which included certain real estate mentioned in the schedules of the bankrupt as the property of the firm, which firm is wholly insolvent. M. claimed the better right to A.'s interest by virtue of two judgments obtained against A. & B. as partners. The assignee claims that the property was purchased with partnership funds by the firm of A., B. & Co., as partnership property, and that A.'s interest is first subject to the debts of the creditors of the firm. before the individual creditors of A. can assert their claims, whether they are in the nature of judgments or otherwise. *Held*, that the rule in relation to real property purchased with partnership funds, so far as their creditors are concerned, is that it is to be treated as personalty of the partnership, and is charged with the debts of the partnership. If there is a survivor. the share of the deceased partner in the surplus of the partnership real estate, remaining after the payment of the partnership debts, and the adjustment of the claims between the individual members of the firm, is considered as real estate only in any controversy between the heirs-at-law and the personal representatives of the deceased; that the real estate in question as against this judgment-creditor must be first subject to the payment of the firm debts. Decree for the assignee.

The bill of complaint in this case is filed by [Thomas B. Marrett] the assignee, to determine which party to this suit has the right to the real estate mentioned therein, standing of record in the name of Livingston Atterbury and John W. Baker. The defendant [William] Murphy claims the better right to the interest of Atterbury in the real estate, by virtue of two judgments and executions levied. The first judgment was rendered and docketed October 11, 1872, in the district court of Ramsey county, Minnesota, in a suit pending between Murphy and Livingston Atterbury, and Crawford Livingston, partners; the second was rendered in the supreme court of

said state, August 18, 1873, and docketed in the Ramsey county district court, August 20, 1873, in a suit pending between the same parties. The sheriff [John Grace] had levied upon the interest of Atterbury in the real estate owned by Atterbury and Baker, and was proceeding to sell the same, when an injunction was issued by this court. The assignee claims that the property was purchased with partnership funds by the firm of Atterbury, Baker & Co., as partnership property, and that Atterbury's interest is first subject to the debts of the creditors of the firm, before the individual creditors of Atterbury can assert their claims, whether they are in the nature of judgments or otherwise. The undisputed facts show that Baker, as surviving partner, was adjudicated bankrupt May 23, 1873; that Marrett was appointed assignee June 10, 1873, and received the proper instrument of assignment, which included the real estate in controversy, mentioned in the schedules of the bankrupt as the property of the firm; also, that the firm of Atterbury, Baker & Co., commenced business in May, 1872, and continued until March 3, 1873, when Atterbury died, and that during the existence of the firm the property in dispute was purchased, and the firm notes given for the purchase price of a portion of it, which were taken up and paid at maturity or shortly after; that for two of the city lots payment was made by deducting the amount out of the contract price for certain materials furnished and work performed by the firm in the line of its business. The deeds were executed to Livingston Atterbury and John W. Baker. The firm is wholly insolvent.

E. C. Palmer, for plaintiff.
I. V. D. Heard and H. J. Horn, for defendants.

NELSON, District Judge. The rule in relation to real property purchased with partnership funds, at least, so far as the partners and their creditors are concerned, is pretty well settled. Equity treats such real estate, without reference to the situation of the record title, as the personalty of the partnership. The tenure of real estate, applied to partners, is that they become tenants in common, and each partner can only convey his own share, but the general current of authority, although there is some conflict, in equity, charges such real estate with the debts of the partnership. If there is a survivor, the share of the deceased partner in the surplus of the partnership real estate remaining after the payment of the partnership debts, and the adjustment of claims between the individual members of the firm, is considered as real estate only, in any controversy between the heirs-at-law and the personal representatives of the deceased. Story, Partn. (3d Ed.) pp. 136, 137, § 93; 2 Barb. Ch. 165. The doctrine establishing by an equitable fiction partnership real estate as personalty, is in favor of trade, and for

---

[1] [Reprinted from 11 N. B. R. 131, by permission.]

the benefit of surviving partners and firm creditors. I do not understand, or so interpret, the statutes of Minnesota that they change in any respect the equitable doctrine above stated. The claim here is not a secret trust, or secret equitable right. If it exists at all, it is the result of the operation of law, and nothing in the statutes of this state defeats it. I do not mean to assert that, as an abstract proposition, partners cannot with partnership funds purchase real estate, and hold it otherwise than as partnership property. If it was not the intention of the partners to so purchase and hold it, there can be no objection to a purchase, in good faith, for their individual account. In this case, however, the testimony shows that it was the intention to hold it as partnership property. The surviving partner so states in his evidence, and has so returned it in the schedules. It must, therefore, as against this judgment-creditor, be first subject to the payment of the firm debts.

Decree will be entered for the complainant.

[This case was again heard in the district court upon motion of assignee to strike out claim of E. J. C. Atterbury as fraudulent. A part of the claim was allowed. Upon appeal to the circuit court, however, the entire claim was stricken out. Case No. 9,102.]